IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRA ZULEMA HERRERA <br> (BOP Registration No. 53003-177), <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 3:17-CV-2149-K <br> (3:15-CR-458-K-(04)) |

## MEMORANDUM OPINION AND ORDER

Movant Myra Zulema Herrera, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. *See* Dkt. No. 2. Because it plainly appears that Herrera is not entitled to relief, for the reasons explained below, the Court **DISMISSES** her motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### Background

Herrera pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(c). *See United States v. Herrejon*, 3:15-CR-00458-K-4 (N.D. Tex.). The Court sentenced her to 48 months in prison to be followed by two years of supervised release. *See id.* at Dkt. No. 55. She did not file a direct appeal.

She now moves under Section 2255 to reduce her sentence. Although her

1

Section 2255 motion is titled "AMENDMENT OF MOTION 28 U.S.C. § 2255" and references an "original" Section 2255 motion, *see* Dkt. No. 2 at 2, a review of the record shows that this is Herrera's first, and only, Section 2255 motion. In it, she argues that the Court should reduce her sentence under Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider when determining whether to reduce the defendant's offense level due to a minor or mitigating role.

**Legal Standard and Analysis**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears . . . that the moving party is not entitled to relief." It plainly appears that Herrera is not entitled to relief for at least two reasons. First, the Court did, in fact, reduce her offense level for her minor role in the offense under Section 3B1.2. *See Herrejon*, 3:15-CR-00458-K-4, Dkt. No. 56 (adopting the pre-sentence investigation report, which included a two-level minor role reduction, pursuant to U.S.S.G. § 3B1.2(b)). Second, to the extent that Herrera argues that the Court's sentencing calculation was nevertheless incorrect, an "'attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding.'" *Wright v. United States*, 3:16-cv-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*,

Nos. 3:07-cv-889-L & 3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008); *accord United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injures that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") (citation omitted). That is, Herrera's claim that she was entitled to a four-point reduction under U.S.S.G. § 3B1.2(b), as explained by Amendment 794, is not cognizable here. *See United States v. Guerrero*, ___ F. App'x ___, ___, 2017 WL 2703676, at * 1 (5th Cir. 2017) (noting that the movant's claim that the district court should have retroactively applied Amendment 794 was not cognizable in a Section 2255 proceeding).

**Conclusion**

For the foregoing reasons, "it plainly appears . . . that the moving party is not entitled to relief." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 4(b). The Court therefore summarily **DISMISSES** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed August 28th, 2017.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE